<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELIZABETH PACHECO**<br><br>*Plaintiff,*<br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>*Defendant.* | Civil Action No. 19-17032<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Elizabeth Pacheco's ("Plaintiff") request for review of Administrative Law Judge Richard West's ("Judge West" or the "ALJ") decision regarding Plaintiff's application for Supplemental Security Income ("SSI") Benefits and Disability Insurance Benefits ("DIB"), pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). For the reasons set forth in this Opinion, the Commissioner of Social Security's (the "Commissioner") decision is **AFFIRMED**.

**I.    STANDARD OF REVIEW AND APPLICABLE LAW**

**A.  Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Commissioner's application of legal precepts is subject to plenary review, but his factual findings must be affirmed if they are supported by substantial evidence. Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also McCrea v. Comm'r of Soc.

1

Sec., 370 F.3d 357, 360 (3d Cir. 2004) (explaining that substantial evidence is "less than a preponderance").

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the [Plaintiff] and corroborated by family and neighbors; and (4) the [Plaintiff's] educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

B.  **The Five-Step Disability Test**

Under the Social Security Act ("the Act"), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). To determine whether a claimant is disabled under the Act, the Commissioner applies a five-step test. 20 C.F.R. § 416.920. First, the Commissioner must determine whether the claimant is currently engaging in "substantial gainful activity." Id. "Substantial gainful activity" is work activity involving physical or mental

2

activities that are "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972. If the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503.

Alternatively, if the Commissioner determines that the claimant is not engaged in substantial gainful activity, then the analysis proceeds to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 416.905(a). The regulations provide that a severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. See id.

At the third step, the Commissioner must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404 Subpart P Appendix 1. 20 C.F.R. § 416.920(d). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the analysis proceeds.

Prior to the fourth step, the Commissioner must determine the claimant's residual functional capacity ("RFC") to perform work activities despite the limitations from the claimant's impairments. 20 C.F.R. §§ 416.920(e); 416.945. In considering a claimant's RFC, the Commissioner must consider "all the relevant medical and other evidence" in the claimant's record. 20 C.F.R. § 416.920(e). Then, at step four, the Commissioner must decide if the claimant has the RFC to perform his past relevant work. 20 C.F.R. §416.920(f). If so, then the claim for benefits must be denied. 20 C.F.R. § 416.960(b)(3).

Finally, at the fifth step, if the claimant is unable to engage in past relevant work, the Commissioner must ask whether "work exists in significant numbers in the national economy that

3

[the claimant] can do given [her] residual functional capacity and vocational factors." 20 C.F.R. § 416.960(c). The claimant bears the burden of establishing steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden of proof shifts to the Commissioner at step five. Id.

## II. BACKGROUND

### A. General Background

Plaintiff applied for SSI and DIB in 2013, when she was 38 years old. Administrative Transcript ("Tr.") 453-62, ECF No. 9. Plaintiff alleged disability due to disorders of the back, affective and mood disorders, colon cancer, post-traumatic stress disorder ("PTSD"), arthritis, anger issues, a knee condition, use of a cane, attention-deficit/hyperactivity disorder ("ADHD"), memory loss, lack of concentration, and sciatica. Tr. 590-600. Plaintiff has a high school education and completed two and a half years of college. Tr. 95. She was given a hardship discharge from the U.S. Navy in 2007 when her wife became too ill to care for Plaintiff's son. Tr. 100-01. She has work experience as an assistant manager in a retail store, a cashier checker, a garment folder, and an engineer technician/firefighter in the Navy. Tr. 95, 136-37, 494.

In a Function Report dated July 18, 2013, Plaintiff reported that she lived in an apartment with her wife and thirteen-year-old son. Tr. 521. She stated that she woke her son up for school in the morning but that he made his own breakfast with her wife's supervision. Id. She reported that about once a week, she made a simple meal. Tr. 523. She traveled on weekends to see her grandmother but found it difficult to climb the stairs to her third-floor apartment. Tr. 523-24. She stated that she used a cane when in pain and for support during long walks or when standing too

4

long. Tr. 527. Plaintiff also stated that she had trouble getting along with people and did not drive because she would get angry with other drivers on the road. Tr. 524.[1]

### B. Procedural History

Plaintiff filed applications for DBI and SSI on May 7, 2013, and July 18, 2013, respectively, alleging that she became disabled on March 1, 2009. Tr. 453-62. Her claims were initially denied by ALJ Leah Farrell in a February 2016 decision issued after an administrative hearing. Tr. 221-37. At Plaintiff's request, the Appeals Council reviewed Judge Farrell's decision and remanded the case for further evaluation of Plaintiff's use of a cane, her history of colon cancer, and a Department of Veterans Affairs (VA) disability rating. Tr. 238-42.

On remand, Judge West conducted a hearing on July 19, 2018 and concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 16-40. The Appeals Council denied Plaintiff's request for review on June 27, 2019. Tr. 1-5. This Action followed.

### C. ALJ Decision

The ALJ determined that Plaintiff was not disabled under the five-step framework. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 1, 2009. Tr. 22. At step two, the ALJ determined that Plaintiff's status post-colon cancer and chemotherapy; osteoarthritis; anxiety; and PTSD qualified as severe impairments. Id. The ALJ also noted that the record referenced Plaintiff's tinnitus. Id. While he found the tinnitus to be a non-severe impairment, he considered its effects on her other impairments and incorporated it into the RFC determination. Id. At step three, the ALJ found that none of Plaintiff's impairments, individually or collectively, met or medically equaled the criteria of a listed impairment. Id.

---

[1] The Parties have summarized the medical evidence in their respective briefs. See Pl. Mem. at 2-24. ECF No. 12; Def. Mem. at 5-12, ECF No. 14. The Court will address medical evidence only where necessary to the adjudication of Plaintiff's claim in Section III, infra.

Before moving on to step four, the ALJ found Plaintiff's RFC to be as follows:

> . . . [T]he [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she requires the usage of a one-handed cane for ambulation; she can perform all postural functions occasionally; she can perform all manipulative functions frequently; she must avoid extreme noise, dangerous machinery and unprotected heights; she can understand, remember and carry out simple instructions; she can have occasional interaction with coworkers, supervisors and the general public; she can deal with changes to essential job functions on an occasional basis; and she will need to be off task 5% of the workday.

Tr. 24. In reaching this determination, the ALJ evaluated the totality of the evidence in the record, including objective medical and psychiatric reports, medical opinion evidence, the Plaintiff's testimony, and the testimony of Plaintiff's wife. Tr. 24-29. The ALJ concluded that while Plaintiff's impairments could reasonably be expected to cause her alleged symptoms, her testimony regarding the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence in the record. Tr. 25. Despite Plaintiff's testimony and the evidence supporting her physical and psychological limitations, the ALJ concluded that the Plaintiff was not precluded from all work. Id.

At step four, the ALJ found that Plaintiff is unable to perform past relevant work. Tr. 29. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 30. The ALJ reached this conclusion with the assistance of a vocational expert ("VE") who evaluated Plaintiff's age, education, work experience, and RFC. Given Plaintiff's classification as a younger individual with at least a high school education who can speak English, along with the limitation of unskilled sedentary work, the VE determined that the jobs available to the Plaintiff included preparer, table worker, and

document specialist.  Id.  The ALJ concluded that Plaintiff was not disabled within the meaning of the Act from March 1, 2009 through the date of his decision.  Tr. 31.

### III. ANALYSIS

Plaintiff asserts that the ALJ's ruling was erroneous in two ways.  First, she argues that the ALJ's RFC determination was not based on substantial evidence.  Second, Plaintiff maintains that the ALJ failed to properly assess the testimony of the VE.  The Court disagrees and addresses each argument in turn.

#### A. The ALJ's RFC Determination

An RFC should account for the most activity that a plaintiff can perform despite her limitations.  20 C.F.R. § 416.945(a).  The ALJ is ultimately responsible for making an RFC determination based on the medical evidence, and must "include a narrative discussion describing how the evidence supports each conclusion."  Harris v. Comm'r of Soc. Sec., No. 09-3219, 2010 WL 2874352, at *6 (D.N.J. July 19, 2010) (citing Social Security Ruling 96-8p).  An ALJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020).  Moreover, Plaintiff has the burden to demonstrate how any alleged error "could have affected the outcome of [her] disability claim."  See Holloman v. Comm'r Soc. Sec., 639 F. App'x 810, 814 (3d Cir. 2016) (citation and quotation marks omitted).

Here, the ALJ supported his RFC determination with a detailed narrative discussion of the available medical and nonmedical evidence, ultimately concluding that Plaintiff had the RFC to perform sedentary work, with certain additional restrictions.  Tr. 24.  The ALJ considered Plaintiff's subjective testimony of her symptoms but concluded that her accounts of the intensity, persistence, and limiting effects of her conditions were inconsistent with the evidence in the record.

7

Tr. 24-29. As to her physical impairments, for example, the ALJ found that while VA records and Plaintiff's subjective testimony showed ongoing complaints of back, knee, hip, and shoulder pain, Tr. 41-86, 88-149, 521-28, 548-55, her medical evaluations showed unremarkable diagnostic tests. Specifically, Plaintiff's doctors' reports showed normal gait, strength, muscle tone, and range of motion, and a subjective report by Dr. Saleh noted that Plaintiff was fully active and able to carry on all [pre-cancer] performance without restrictions. See e.g., Tr. 779-801, 1246, 1483, 1496. At bottom, the ALJ found that "[n]o examinations have showed debilitating physical conditions." Tr. 28.

Next, the ALJ reviewed the opinion evidence in the record, including the opinions of Disability Determination Services ("DDS"), Plaintiff's treating physician, Dr. Paul Krisa, and the VA. Tr. 28-29. The DDS examiners determined that Plaintiff could occasionally lift and/or carry 20 pounds; could frequently lift and/or carry 10 pounds; could stand and/or walk for a total of about 6 hours and sit for a total of about 6 hours; and that her ability to push/pull was unlimited. Tr. 162. Dr. Krisa's more conservative evaluation concluded that Plaintiff's ability to lift and carry was limited to 5 pounds; that she could stand and/or walk less than 2 hours per day; that she could sit less than 6 hours per day; and that her ability to push and/or pull was limited. Tr. 1211. The VA gave Plaintiff a 70% rating for occupational and social impairment, further noting that a rating of 100% would indicate total impairment in these areas. Tr. 1423. The evaluation noted that because there was the possibility of improvement, the assigned rating was not considered permanent and was subject to a future examination. Id. Finally, the ALJ considered, but assigned no weight to, evidence presented by Plaintiff's wife and therapist, finding them nonspecific and inconsistent with the record. Tr. 29.

Viewing the ALJ's decision and record as a whole, the Court concludes that the above provides substantial evidence to support the ALJ's RFC determination. Plaintiff's arguments to the contrary are unavailing.

First, Plaintiff contends that the ALJ did not comply with the Appeals Council's instructions to assess Plaintiff's use of an assistive device, to weigh the opinion of the VA, and to address Plaintiff's cancer impairment. Pl.'s Br. at 26. However, the ALJ included Plaintiff's use of a cane in his RFC decision, Tr. 24, and found Plaintiff's status post-colon cancer to be a severe impairment, Tr. 22. The ALJ also expressly considered the VA's evaluation and disability rating of 70% in his consideration of Plaintiff's limitations, noting that his RFC determination was consistent with the VA's findings of fact. Tr. 28-29. Plaintiff's assertion that the ALJ failed to follow the instructions of the Appeals Council is thus erroneous.

Second, Plaintiff argues that the ALJ "minimized" her mental impairments because the record evidence supports more significant limitations than those in the RFC. Pl.'s Br. at 26. In the presence of conflicting or inconsistent medical evidence, "the ALJ can choose to credit portions of the existing evidence but 'cannot reject evidence for no reason or for the wrong reason.'" Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (citation omitted). Critically, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).

Here, the ALJ properly considered the conflicting evidence in the record, including Plaintiff's subjective testimony, Tr. 25, the medical records from Plaintiff's treatment at a VA Hospital between 2008 and 2012, Tr. 27, and reports by a state agency physician, Dr. Yalkowsky, id. Dr. Yalkowsky's examination found that Plaintiff was overwhelmed by her circumstances and

9

presented as hostile. Tr. 1221-22. Dr. Yalkowsky noted that Plaintiff's mood was negative but reported that Plaintiff was able to express herself well and comprehend the examiner's questions. Id. He found Plaintiff's social skills to be within age appropriate limits; her thought processes logical, coherent, and goal directed; and no evidence of abnormal thought content or serious psychopathology. Other examinations found that Plaintiff was alert, oriented, calm, coherent, and without deficits in short-term or long-term memory. See e.g., Tr. 886, 907, 917, 927, 1218, 1569, 1576, 1589. Ultimately, the ALJ considered Plaintiff's anxiety and PTSD in the RFC determination but concluded based on the available evidence that Plaintiff "can understand, remember and carry out simple instructions," "have occasional interaction with coworkers, supervisors and the general public," and "deal with changes to essential job functions on an occasional basis." Tr. 24. The Court concludes that the above reports provide substantial evidence for this conclusion, irrespective of any contrary evidence in the record.

Next, Plaintiff maintains that the ALJ improperly weighed the opinion testimony in the record. Pl.'s Br. at 27-28. The ALJ gave only partial weight to Dr. Krisa's report, agreeing that Plaintiff is limited to sedentary work but finding no objective evidence to support additional limitations. Tr. 28; see also Tr. 1211 (submission by Dr. Krisa concluding that Plaintiff's ability to work was "limited" as to lifting/carrying, standing/walking, sitting, and pushing/pulling). On the other hand, the ALJ found Plaintiff to be more restricted than the conclusions of the DDS examiners. Tr. 28; see also Tr. 160 (state agency physician weighing Dr. Krisa's evaluation with other evidence and concluding that Plaintiff should be assigned light RFC and would be able to return to her previous position as a cashier); Tr. 165 (state agency psychological consultants maintaining that Plaintiff "can understand/execute simple and moderately complex instructions, make work-related decisions, [and] adapt to workplace change"). While the ALJ did not wholly

adopt any single opinion, he appropriately weighed the opinions in the record to arrive at an RFC that was more conservative than the RFC recommended by the state agency doctors and that adopted Dr. Krisa's opinion that Plaintiff was limited to sedentary work. Tr. 24. The ALJ further considered the VA's findings of facts and expressly noted that the RFC was consistent with those findings. Tr. 29. The Court discerns no legal error in the ALJ's balancing of opinions and declines to reweigh them on appeal.

Finally, Plaintiff asserts that the ALJ improperly discounted the evidence from Plaintiff's wife and therapist. But the ALJ did not ignore this evidence; he considered it fully before determining that it was inconsistent with the record and assigning it no weight. The ALJ acted properly in his role as the finder of fact, and in light of the other record evidence discussed above, the testimony of Plaintiff's wife and therapist does not compel a contrary conclusion.

Consequently, the ALJ supported his RFC determination with substantial evidence.

### B. Assessment of the VE's Testimony

Plaintiff next contends that the ALJ failed to properly assess the VE's testimony at step five. Pl.'s Br. at 32, 34-35. She principally argues that: (1) two of the three jobs that the VE offered as relevant jobs for Plaintiff did not exist in the Dictionary of Occupational Titles ("DOT"); and (2) Plaintiff could not perform the remaining job that the VE suggested, given the limitations outlined in the RFC. Pl.'s. Br. at 34-35. Neither argument is convincing.

First, the record's alleged references to nonexistent occupations amount to harmless clerical errors. Specifically, the ALJ identified the wrong DOT number for the job of preparer in his decision, Tr. 30, and the VE cited the wrong DOT number for the job of table worker in response to an interrogatory, Tr. 658. Plaintiff does not make any substantive arguments about the suitability of either the job of preparer or table worker; she cites only the clerical errors in arguing

11

that there were conflicts in the VE's assessment. Pl.'s Br. at 34. Absent any contention that the misidentification adversely impacted the ALJ's analysis, Plaintiff has not shown that the correction of these errors would have changed the outcome. See, e.g., Carmody v. Saul, No. 19-1745, 2021 WL 217358, at *9 (M.D. Pa. Jan. 21, 2021) (rejecting argument that a "typo in the ALJ's decision (listing the wrong DOT title number)" provided grounds for remand).

Second, the Plaintiff argues that the job of document preparer is not appropriate because it has a general educational development ("GED") reasoning level of 3 and a specific vocational preparation ("SVP") level of 2. Pl.'s Br. at 34-35. According to Plaintiff, the GED level of 3 is beyond the scope of Plaintiff's RFC. Pl.'s Br. at 35. However, this confuses the facts. The Commissioner uses SVP levels, not GED designation, to determine the skill level of a specific position. See SSR 00-4, 2000 WL 1898704 (Dec. 4, 2000). Unskilled work corresponds to an SVP of 1-2, which is appropriate for the Plaintiff. Id. Because the position of document preparer has an SVP of 2, there is no conflict between the VE's findings and the Plaintiff's RFC.[2]

### IV. CONCLUSION

For the foregoing reasons, the determination of the Commissioner is **AFFIRMED**.

Date: October 14, 2021  /s/ Madeline Cox Arleo
Hon. Madeline Cox Arleo
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also argues that the VE's answer to an interrogatory shows that someone with Plaintiff's RFC is precluded from all work. Pl.'s Br. at 35. In response to interrogatory 20, the VE stated that a person who "cannot deal with changes to essential job function" would be unable to find employment in the current economy. Tr. 659-60. Plaintiff's RFC, on the contrary, notes that Plaintiff can "deal with changes to essential job functions on an occasional basis." Tr. 24. The hypothetical posed in interrogatory 20 therefore does not represent Plaintiff's limitations.